UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NANCY WALRATH,

                         Plaintiff,

       -against-

NEW YORK STATE CANAL CORPORATION;
and NEW YORK STATE THRUWAY
AUTHORITY

                         Defendants.

---

**COMPLAINT AND
DEMAND FOR
JURY TRIAL**

Civil Case No.   6:15-cv-463 (TJM/TWD)

---

Plaintiff NANCY WALRATH, by and through her attorneys, Gleason, Dunn, Walsh &

O'Shea, as and for her Complaint, respectfully alleges as follows:

## INTRODUCTION

1.     Through this action, plaintiff seeks redress for being subjected to gender-based

discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended

("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Equal Pay Act of 1963 (the "EPA"), 29 U.S.C. §

206(d), the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.,* and the New York

State Human Rights Law ("NYSHRL"), N.Y. Executive Law § 290 *et seq.*

2.     This action asserts that defendants discriminated against plaintiff on account of her

female gender and/or retaliated against plaintiff for her protected activity challenging sex

discrimination and retaliation by defendants in:

      i.    Subjecting plaintiff to a hostile work environment;

     ii.    Denying work assignments and overtime opportunities, failing to provide adequate

            bathroom access and protective gear, and subjecting plaintiff to other adverse

employment actions and differential treatment in comparison to male and similarly situated co-workers; and

    iii.    Paying plaintiff less than employees of defendants who did the same or substantially similar work as plaintiff.

3.    Plaintiff alleges that defendants treated her and continues to treat her as a "second class citizen," subjecting Plaintiff to a hostile work environment suffused with gender discrimination and retaliation because she is a female and complained of differential treatment and harassment because of her sex.

4.    Plaintiff seeks to recover through this action back pay and an equal amount of liquidated damages, compensatory damages, pre- and post-judgment interest, punitive damages, and reasonable attorneys' fees, costs, expenses, and disbursements.

## JURISDICTION

5.    The jurisdiction of the Court over plaintiff's claims under Title VII and the EPA is invoked pursuant to Title VII, 42 U.S.C. § 2000e-5(f), the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1343(4).

6.    Plaintiff asserts that her claims under the NYSHRL arise from the same set of facts and circumstances as are claimed under Title VII and the FLSA. Therefore, the jurisdiction of this court with respect to plaintiff's NYSHRL claims is invoked pursuant to 28 U.S.C. § 1367 and the doctrine of supplemental jurisdiction.

7.    Plaintiff asserts that the Court has personal jurisdiction over the defendants under Sections 301 and/or 302(a)(1) of the N.Y. Civil Practice Law and Rules ("CPLR") because each defendant is "doing business" within New York State and/or plaintiff's cause of actions arise from defendants' transaction of business within New York State.

8.     Plaintiff sets venue in this case within the Northern District of New York, pursuant to 28 U.S.C. § 1391, based on: (1) the Plaintiff's residence; (2) all of the defendants have offices within the Northern District of New York and (2) the events underlying Plaintiff's claims having occurred in the Northern District of New York under 28 U.S.C. § 1391(b)(2).

9.     Plaintiff demands a jury trial in this action.

10.     Attached as **Exhibit A** is Plaintiff's written consent to assert in this action her claims under the EPA and FLSA against defendants.

## PARTIES

11.     Plaintiff Nancy Walrath ("Plaintiff" or "Ms. Walrath") is a female over the age of 21, and a resident of the Town of Canajoharie, County of Montgomery, State of New York.

12.     Defendant New York State Canal Corporation (the "Canal Corp.") is a public benefit corporation organized and existing by virtue of Title 9 of the N.Y. Public Authorities Law, and has its administrative headquarters and principal place of business at 200 Southern Boulevard, Albany, New York, 12201-0189.

13.     Defendant New York State Thruway Authority (the "Thruway Authority") is a public corporation organized and existing by virtue of Title 9 of the N.Y. Public Authorities Law, and has its administrative headquarters and principal place of business at 200 Southern Boulevard, Albany, New York, 12201-0189.

14.     At all relevant times, the Canal Corp. was a wholly owned subsidiary of the Thruway Authority.

15.     At all relevant times, the Thruway Authority ran a fully integrated business enterprise in which the Thruway Authority exercised extensive control and supervision over the day-to-day business operations of the Canal Corp.

16.     At all relevant times, the Thruway Authority maintained and controlled labor relations and human resources for the Canal Corp.

17.     At all relevant times, the business operations of the Thruway Authority and Canal Corp. were interrelated.

18.     At all relevant times, the Thruway Authority and Canal Corp. shared common management.

19.     At all relevant times, the Thruway Authority exercised control over employees of the Canal Corp.

20.     At all relevant times, defendants each employed more than fifteen (15) employees.

21.     At all relevant times, Plaintiff was employed by the Canal Corp. and the Thruway Authority and was an "employee" of the Canal Corp. and the Thruway Authority within the meaning of Title VII, FLSA, and the NYSHRL.

22.     At all relevant times, Plaintiff engaged in commerce or in the production of goods in commerce on behalf of defendants within the meaning of the FLSA.

23.     At all relevant times, defendants were each an "employer" of Plaintiff within the meaning of Title VII, the FLSA, and the NYSHRL.

24.     At all relevant times, defendants were a single employer of Plaintiff under Title VII, the FLSA, and the NYSHRL

25.     At all relevant times, defendants were joint employers of Plaintiff under Title VII, the FLSA, and the NYSHRL.

26.     At all relevant times, defendants were each a "public agency" within the meaning of the FLSA.

27.     At all relevant times, defendants operated an enterprise within the meaning of the FLSA.

## PROCEDURAL HISTORY

28.     Plaintiff filed a charge of sex discrimination and retaliation against defendants with the U.S. Equal Employment Opportunity Commission (the "EEOC") on or about January 9, 2014. Plaintiff's charge alleged that plaintiff was subjected to different terms and conditions of employment, payment of disparate wages, failure to promote, harassment, and intimidation because of Plaintiff's female gender and in retaliation for challenging sex discrimination and retaliation by defendants.

29.     The Buffalo Local Office of the EEOC issued plaintiff a notice of right to sue dated January 16, 2015 concerning her allegations of being subjected to gender discrimination and retaliation by defendants.  Plaintiff received the notice of right to sue on or about January 17, 2015. Attached as **Exhibit B** is a copy of the notice of right to sue.

## FACTUAL ALLEGATIONS

### A.  *Plaintiff's Employment by Defendants*

30.     Plaintiff has worked for the Canal Corp. since 1990.

31.     From 1999 through the present, Plaintiff has worked for the Canal Corp. out of the Maintenance Headquarters at the Fonda Section Office of the Canal Corp. in Fonda, New York.

32.     From 1999 until on or about November 12, 2014, Plaintiff worked as a pay grade 6 Laborer for the Canal Corp.

33.     From on or about November 12, 2014 through the present, Plaintiff worked as a paygrade 9 Maintenance Assistant for the Canal Corp.

34.     Plaintiff's promotion from a pay grade 6 Laborer to pay grade 9 Maintenance Assistant occurred during the pendency of Plaintiff's EEOC charge challenging, *inter alia*, defendants' failure to promote Plaintiff to the position of Maintenance Assistant.

35.     Prior to 1999, Plaintiff worked at various locks for the Canal Corp. as a Seasonal Lock Operator.

36.     At all relevant times, Plaintiff was qualified and could perform the essential functions and duties of a Laborer and a Maintenance Assistant for the Canal Corp.

37.     Since on or about November 12, 2014 through the present, Plaintiff and her co-worker Luann Fischer were the only female Laborers and Maintenance Assistants who worked for the Canal Corp. out of the Maintenance Headquarters in Fonda, New York.

38.     From 1999 until on or about November 12, 2014, Plaintiff was the only female Laborer who worked for the Canal Corp out of the Maintenance Headquarters in Fonda, New York.

39.     From 1999 until on or about November 12, 2014, Luann Fischer was the only female Maintenance Assistant who worked for the Canal Corp. out of the Maintenance Headquarters in Fonda, New York.

40.     From June 2012 through the present, the terms and conditions of Plaintiff's employment for the Canal Corp. were supervised by Dave Lamphere, Billy Donnelly, and/or Section Supervisor Tom Anglin.

**B.  *Plaintiff's Protected Activity in Challenging Sex Discrimination and Retaliation by Defendants***

41.     From 2005 through in or about June 2012, Plaintiff work assignment was as the assistant to a Master Welder, Tommy D'Orio.

42.     In or about June 2012, Plaintiff complained to her supervisors at the Canal Corp that she was being subjected to discrimination because the prior male assistant to the Master Welder Tommy D'Orio had earned more in pay than Plaintiff for performing the same duties.

43.     In or about June 2012, Plaintiff was transferred out of her work assignment with Master Welder Tommy D'Orio.

44.     On or about December 28, 2012 Plaintiff filed a charge with the New York State Division of Human Rights ("SDHR") against defendants challenging the transfer as discriminatory and thereafter participated in proceedings at the SDHR in connection with that charge.

45.     Plaintiff's acts in filing a charge with the SDHR against defendants on or about December 28, 2012 and subsequently participating in proceedings at the SDHR in connection with the charge were "protected activity" as that term is applied under Title VII, the FLSA, and the NYSHRL.

46.     At all relevant times, defendants and Plaintiff's supervisors and co-workers knew or had notice of Plaintiff's complaint at the SDHR and Plaintiff's subsequent participation in proceedings at the SDHR in connection with the charge.

47.     On June 24, 2013 the SDHR issued a no probable cause finding on Plaintiff's charge of discrimination filed with the SDHR.

48.     Subsequent to Plaintiff filing a charge with the SDHR and thereafter participating in proceedings at the SDHR in connection with the charge, Plaintiff was subjected to continued and intensifying discrimination and retaliation by her supervisors and co-workers at the Canal Corp.

49.     Therefore, Plaintiff filed the previously alleged a charge of sex discrimination and retaliation against defendants with the EEOC on or about January 9, 2014 and subsequently participated in proceedings at the EEOC in connection with the charge.

50.     Plaintiff's acts in filing a charge with the EEOC on or about January 9, 2014 and subsequently participating in proceedings at the EEOC in connection with the charge were "protected activity" as that term is applied under Title VII, the FLSA, and the NYSHRL.

51.     At all relevant times, defendants and Plaintiff's supervisors and co-workers. knew about or had notice of Plaintiff's  charge with the EEOC against and Plaintiff's subsequent participation at the EEOC in proceedings in connection with the charge.

52.     Since December 28, 2012, Plaintiff has repeatedly and regularly complained to her immediate supervisors Dave Lamphere and Billy Donnelly, Section Supervisor Tom Anglin, and defendants' EEO Unit Compliance Specialist Michelle Waldenmeier concerning a discriminatory and/or retaliatory hostile work environment, failure to promote Plaintiff, denial of work assignments and overtime opportunities, pay disparity, failure to provide adequate bathroom access and protective clothing, and other differential treatment in the terms and conditions of employment as compared to similarly situated male co-workers.

53.     Plaintiff's repeated and regular complaints to her immediate supervisors Dave Lamphere and Billy Donnelly, Section Supervisor Tom Anglin, and defendants' EEO Unit Compliance Specialist Michelle Waldenmeier since December 28, 2012 were "protected activity" as that term is applied under Title VII, the FLSA, and the NYSHRL.

54.     At all relevant times, defendants and Plaintiff's supervisors and co-workers knew or had notice of Plaintiff's repeated and regular complaints to her immediate supervisors Dave Lamphere and Billy Donnelly, Section Supervisor Tom Anglin, and defendants' EEO Unit

Compliance Specialist Michelle Waldenmeier after December 28, 2012 concerning a discriminatory and/or retaliatory hostile work environment, failure to promote Plaintiff, denial of work assignments and overtime opportunities, pay disparity, failure to provide adequate bathroom access and protective clothing, and other differential treatment in the terms and conditions of employment as compared to similarly situated male co-workers.

### C. *The Pattern of Harassment and Other Differential Treatment by Plaintiff's Co-Workers and Supervisors Because of her Gender and in Retaliation for Protected Activity*

55.    Since December 28, 2012, defendants through Plaintiff's male supervisors and/or co-workers have continually subjected Plaintiff to a pattern of conduct, treatment, and adverse acts that continues to the present time, and includes, but is not limited to:

    i.    Male employees ostracizing and avoiding Plaintiff, including the refusal of Dave Lamphere to speak with Plaintiff unless in direct connection with Plaintiff's work and male co-workers leaving the employee break room when Plaintiff entered.

    ii.    The placement of a plastic rat in Plaintiff's work area.

    iii.    Assignments on a regular basis to low-level painting jobs that were unnecessary, humiliating, and/or required to be performed in hazardous areas. On information and belief, no male employees were assigned to perform these assignments.

    iv.    Assignments on a regular basis to sweep, mop, and clean the employee break room, bathrooms, and office at the Maintenance Headquarters in Fonda, New York. On information and belief, this assignment was only given to a male employee one time after Plaintiff complained.

v.   Assignments on a regular basis to sweep, mop, and clean the employee break room, bathroom, and office at the Maintenance Headquarters in Fonda, New York despite receiving a promotion to the position of Maintenance Assistant.

vi.   Deliberately dropping food and beverages around the break room, leaving garbage in the break room, and depositing a bag of dirty male underwear in the break room knowing about Plaintiff's regular assignment to sweep, mop, and otherwise clean the employee break room. Plaintiff's male co-workers taunted Plaintiff about the bag of dirty male underwear left in the break room.

vii.   Deliberately leaving hair, soap scum, and grime in the sinks of the Maintenance Headquarters' bathrooms after shaving, knowing about Plaintiff's regular assignment to clean the bathrooms.

viii.   Depositing a bag of dirty male clothes, including underwear, on a picnic table in the work area where Plaintiff's male co-workers knew she ate lunch and subsequently mocking Plaintiff about the clothes.

ix.   Belligerently refusing to shut off a radio station talk show with offensive and graphic sexual language while making sarcastic comments about Plaintiff's protected activity.

x.   Providing Plaintiff a pail to urinate and defecate in while she was assigned to work on a canal barge, which was deliberately placed in a cabin full of windows that allowed Plaintiff's male co-workers to view her while Plaintiff relieved herself.

xi.   Refusing to designate either of the two employee bathrooms at the Maintenance Headquarters in Fonda as one for women.

xii.   Pouring bleach on the toilet seat of the bathroom Plaintiff regularly used at the Maintenance Headquarters prior to her use.

xiii.   Refusing to provide Plaintiff with necessary protective gear otherwise provided to similarly situated male co-workers, including safety chaps for the safe operation of chain saws and pole saws.

xiv.   Ordering Plaintiff to be the sole employee assigned to drive a fuel truck that was known not to be working and unsafe to drive.

xv.   Refusing to grant Plaintiff leave over Christmas in a manner, as described by Dave Lamphere to Plaintiff, "Just to show you that I am not thinking about you."

xvi.   Refusing to assign Plaintiff to a fabrication shop position which would have offered her the opportunity to learn new skills, while subsequently assigning the position to a male employer with equal or lesser qualifications and less seniority than Plaintiff.

xvii.   Failing to offer Plaintiff overtime opportunities that were offered to her male co-workers.

xviii.   Threatening baseless complaints and legal action against Plaintiff.

xix.   Hostile taunts in connection with Plaintiff's protected activity, including a warning from Dave Lamphere that Plaintiff was prohibited from raising questions about her workplace and that any complaints she made about the workplace would be futile.

56.   Since December 28, 2012, and continuing to this date, Plaintiff's male supervisors and co-workers have subjected Plaintiff to a pattern of unwelcome belittling, demeaning, intimidating, offensive, and harassing conduct that Plaintiff did not welcome.

57.   Since December 28, 2012, and continuing to this date, Plaintiff's male supervisors and co-workers have treated Plaintiff differently from similarly situated male co-workers and subjected her to adverse employment actions.

58.   Since December 28, 2012, and continuing to this date, the pattern of belittling, demeaning, intimidating, offensive, and harassing conduct, differential treatment, and adverse employment actions by Plaintiff's male supervisors and co-workers has become more intense after Plaintiff's complained and challenged such conduct and treatment as sex discrimination and retaliation for her complaints.

59.   Defendants knew or should have known that Plaintiff's male supervisors and co-workers were subjecting Plaintiff to open, notorious, and outrageous behavior.

60.   Despite Plaintiff's complaints to her supervisors and the EEO Unit Compliance Specialist Michelle Waldenmeier, Defendants have failed to effectively remedy the discrimination and retaliation Plaintiff's male supervisors and co-workers subjected her to since December 28, 2012.

61.   Since December 28, 2012, and continuing to this date, Defendants have subjected Plaintiff to a hostile work environment, differential treatment, and adverse employment actions because of her female gender and in retaliation for her protected activity in challenging sex discrimination and retaliation.

62.   As a direct and proximate result of Defendants subjecting Plaintiffs to a hostile work environment, differential treatment, and adverse employment actions, Plaintiff has suffered economic loss, severe humiliation, extreme distress, damage to her reputation, physical symptoms, and anxiety.

### D. *Defendants' Payment to Plaintiff of Disparate Wages*

63.    In September 2013, Plaintiff applied for an open Maintenance Assistant position at the Maintenance Headquarters in Fonda, New York.

64.    On information and belief, Plaintiff was the only woman applicant for the open Maintenance Assistant Position she applied for in September 2013.

65.    Upon Plaintiff's application for the open Maintenance Assistant position, Plaintiff was assigned to work for a gang of Maintenance Assistants under the supervision of Billy Donnelly while still holding the title of a Laborer. That assignment lasted until the Spring of 2014.

66.    Upon Plaintiff's assignment to work for the gang of Maintenance Assistants under the supervision of Billy Donnelly in September 2013, Dave Lamphere told Plaintiff that he assigned her to work for a gang of Maintenance Assistants to prove that she could work as a Maintenance Assistant. Mr. Lamphere also advised Plaintiff that she was the most qualified applicant for the position.

67.    On information and belief, no male employee of defendants working out of the Canal Corp.'s Maintenance Headquarters in Fonda, New York has ever had to "prove himself" by performing the duties of Maintenance Assistant while still getting paid as a Laborer.

68.    On or about September 19, 2013, Plaintiff complained to defendants' EEO Unit Compliance Specialist Michelle Waldenmeier that Plaintiff was being subjected to sex discrimination by having to "prove herself" by working as a Maintenance Assistant while being paid as a Laborer. No effective action was taken on the complaint.

69.    On or about October 7, 2013, Plaintiff was notified by Section Supervisor Tom Anglin that Ken Crispin, a male employee, was hired for the open Maintenance Assistant

position that Plaintiff applied for. Nevertheless, Plaintiff continued to work in Billy Donnelly's gang until the Spring of 2014 while being paid less than her male co-workers in the gang.

70.     Together with Ken Crispin, Plaintiff worked with 6 male Maintenance Assistants in Billy Donnelly's gang and was the only female worker in the gang.

71.     Plaintiff's work in Billy Donnelly's gang took place at various locks on the Erie Canal, and including but was not limited to: feeding trees into a chipper; picking trees; running the tag line, which helps guide the crane shell and trees into the boat, while the crane operator loads and off loads trees; moving vehicles; cleaning dams; pulling chains and gates; putting new rubbing strips on the lock chamber gates; putting up railings, and other work related to maintaining the locks.

72.     Plaintiff performed the same exact or substantially similar work in Billy Donnelly's gang that her male co-workers performed in Billy Donnelly's gang under similar working conditions and that required the same or substantially similar skill, effort, and responsibility.

73.     Defendants intentionally paid Plaintiff less than her male-co-workers in Billy Donnelly's gang for equal or substantially similar work.

74.     Defendants' payment to Plaintiff for less than her counterparts performing the same or substantially similar work subjected Plaintiff to differential treatment and an adverse employment action on account of her gender.

75.     Defendants' payment to Plaintiff less than her counterparts performing the same or substantially similar work subjected Plaintiff to differential treatment and an adverse employment action in retaliation for her protected activity.

76.     Defendants knew or should have known that Plaintiff's supervisors and co-workers were subjecting Plaintiff to open, notorious, and outrageous behavior by failing to promote Plaintiff and paying Plaintiff less than her male counterparts for the same or substantially similar work.

77.     As a direct and proximate result of defendants subjecting Plaintiffs to payment of disparate wages, Plaintiff has suffered economic loss, severe humiliation, extreme distress, dame to her reputation, physical symptoms, and anxiety.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Title VII – Gender-Biased Hostile Work Environment)

78.     Defendants discriminated against Plaintiff in the terms and conditions of her employment on the basis of sex in violation of Section 703 of Title VII by subjecting Plaintiff to a hostile work environment.

79.     Defendants condoned the acts of its employees in subjecting Plaintiff to a hostile work environment on account of her gender.

80.     Defendants knew or showed reckless disregard for whether the conduct of Plaintiff's supervisors and co-workers subjected Plaintiff to a hostile work environment on account of her gender.

81.     As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer economic loss, suffer distress, humiliation, great expense, embarrassment and damage to her reputation.

82.     As a result of said acts, Plaintiff is entitled to an award of, *inter alia*, compensatory damages, pre- and post-judgment interest, and attorneys' fees, costs, expenses, and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION
### (NYSHRL – Gender-Biased Hostile Work Environment)

83.     Defendants discriminated against Plaintiff in the terms and conditions of her employment on the basis of sex in violation of Section 290 *et seq.* of the NYSHRL by subjecting Plaintiff to a hostile work environment.

84.     Defendants condoned the acts of its employees in subjecting Plaintiff to a hostile work environment on account of her gender.

85.     Defendants knew or showed reckless disregard for whether the conduct of Plaintiff's supervisors and co-workers subjected Plaintiff to a hostile work environment on account of her gender.

86.     As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer economic loss, suffer distress, humiliation, great expense, embarrassment and damage to her reputation.

87.     As a result of said acts, Plaintiff is entitled to an award of, *inter alia*, compensatory damages, pre- and post-judgment interest, and costs, expenses, and disbursements.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Title VII – Retaliatory Hostile Work Environment)

88.     Defendants retaliated against Plaintiff in violation of Section 704 of Title VII by subjecting Plaintiff to a hostile work environment because of her protected activity. Plaintiff's protected activity was a "but for" cause of the hostile work environment.

89.     Defendants condoned the acts of its employees in subjecting Plaintiff to a hostile work environment in retaliation for protected activity.

90.     Defendants knew or showed reckless disregard for whether the conduct of Plaintiff's supervisors and co-workers subjected Plaintiff to a hostile work environment in retaliation for protected activity.

91.     As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer economic loss, suffer distress, humiliation, great expense, embarrassment and damage to her reputation.

92.     As a result of said acts, Plaintiff is entitled to an award of, *inter alia*, compensatory damages, pre- and post-judgment interest, and attorneys' fees, costs, expenses, and disbursements.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (NYSHRL – Retaliatory Hostile Work Environment)

93.     Defendants retaliated against Plaintiff in violation of Section 290 *et seq.* of the NYSHRL by subjecting Plaintiff to a hostile work environment because of her protected activity. Plaintiff's protected activity was a "but for" cause of such hostile work environment.

94.     Defendants condoned the acts of its employees in subjecting Plaintiff to a hostile work environment in retaliation for protected activity.

95.     Defendants knew or showed reckless disregard for whether the conduct of Plaintiff's supervisors and co-workers subjected Plaintiff to a hostile work environment in retaliation for protected activity.

96.     As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer economic loss, suffer distress, humiliation, great expense, embarrassment and damage to her reputation.

97.     As a result of said acts, Plaintiff is entitled to an award of, *inter alia*, compensatory damages, pre- and post-judgment interest, and costs, expenses, and disbursements.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (FLSA – Retaliatory Hostile Work Environment)

98.     Defendants retaliated against Plaintiff in violation of Section 215 of the FLSA by subjecting Plaintiff to a hostile work environment because of her protected activity.

99.     Defendants condoned the acts of its employees in subjecting Plaintiff to a hostile work environment in retaliation for protected activity.

100.    Defendants knew or showed reckless disregard for whether the conduct of Plaintiff's supervisors and co-workers subjected Plaintiff to a hostile work environment in retaliation for protected activity.

101.    As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer economic loss, suffer distress, humiliation, great expense, embarrassment and damage to her reputation.

102.    As a result of said acts, Plaintiff is entitled to an award of, *inter alia*, compensatory damages, pre- and post-judgment interest, punitive damages, and attorneys' fees, costs, expenses, and disbursements.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Title VII – Gender-Based Pay Disparity)

103.    Defendants discriminated against Plaintiff in the terms and conditions of her employment on the basis of sex in violation of Section 703 of Title VII by paying Plaintiff less than male co-workers for performing the same or substantially similar work requiring the same or substantially skill, effort, and responsibility and under similar working conditions..

104.    Defendants condoned paying Plaintiff less than her similarly situated co-workers on account of her gender.

105.    Defendants knew or showed reckless disregard for whether paying Plaintiff less than her similarly situated co-workers amounted to a pay disparity on account of her gender.

106.    As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer economic loss, suffer distress, humiliation, great expense, embarrassment and damage to her reputation.

107.    As a result of said acts, Plaintiff is entitled to an award of, *inter alia*, back-pay, compensatory damages, pre- and post-judgment interest, and attorneys' fees, costs, expenses, and disbursements.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (EPA – Gender-Based Pay Disparity)

108.    Defendants discriminated against Plaintiff in the terms and conditions of her employment on the basis of sex in violation of the EPA by willfully paying Plaintiff less than male co-workers for performing the same or substantially similar work requiring the same or substantially skill, effort, and responsibility and under similar working conditions.

109.    Defendants knew or showed reckless disregard for whether for paying Plaintiff less than her similarly situated co-workers amounted to a pay disparity on account of her gender.

110.    As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer economic loss, suffer distress, humiliation, great expense, embarrassment and damage to her reputation.

111.    As a result of said acts, Plaintiff is entitled to an award of, *inter alia*, back pay, liquidated damages, pre- and post-judgment interest, and attorneys' fees, costs, expenses, and disbursements.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (NYSHRL – Gender-Based Pay Disparity)

112.   Defendants discriminated against Plaintiff in the terms and conditions of her employment on the basis of sex in violation of Section 290 *et seq.* of the NYSHRL by paying Plaintiff less than male co-workers for performing the same or substantially similar work requiring the same or substantially skill, effort, and responsibility and under similar working conditions.

113.   Defendants condoned paying Plaintiff less than her similarly situated co-workers on account of her gender.

114.   Defendants knew or showed reckless disregard for whether for paying Plaintiff less than her similarly situated co-workers amounted to a pay disparity on account of her gender.

115.   As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer economic loss, suffer distress, humiliation, great expense, embarrassment and damage to her reputation.

116.   As a result of said acts, Plaintiff is entitled to an award of, *inter alia*, back-pay, compensatory damages, pre- and post-judgment interest, and costs, expenses, and disbursements.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Title VII –Retaliatory Pay Disparity)

117.   Defendants retaliated against Plaintiff in violation of Section 704 of Title VII by paying Plaintiff less than male co-workers for the same or substantially similar work performed by Plaintiff for performing the same or substantially similar work requiring the same or substantially skill, effort, and responsibility and under similar working conditions because of her protected activity. Plaintiff's protected activity was a "but for" cause of such pay disparity.

118.   Defendants condoned paying Plaintiff less than her similarly situated co-workers in retaliation for her protected activity.

119.   Defendants knew or showed reckless disregard for whether for paying Plaintiff less than her similarly situated co-workers amounted to a pay disparity in retaliation for her protected activity.

120.   As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer economic loss, suffer distress, humiliation, great expense, embarrassment and damage to her reputation.

121.   As a result of said acts, Plaintiff is entitled to an award of, *inter alia*, back-pay, compensatory damages, pre- and post-judgment interest, and attorneys' fees, costs, expenses, and disbursements.

### AS AND FOR A TENTH CAUSE OF ACTION
### (NYSHRL –Retaliatory Pay Disparity)

122.   Defendants retaliated against Plaintiff in violation of Section 290 *et seq.* of the NYSHRL by paying Plaintiff less than male co-workers for the same or substantially similar work performed by Plaintiff for performing the same or substantially similar work requiring the same or substantially skill, effort, and responsibility and under similar working conditions because of her protected activity. Plaintiff's protected activity was a "but for" cause of such pay disparity.

123.   Defendants condoned paying Plaintiff less than her similarly situated co-workers in retaliation for her protected activity.

124.   Defendants knew or showed reckless disregard for whether for paying Plaintiff less than her similarly situated co-workers amounted to a pay disparity in retaliation for her protected activity.

125.   As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer economic loss, suffer distress, humiliation, great expense, embarrassment and damage to her reputation.

126.   As a result of said acts, Plaintiff is entitled to an award of, *inter alia*, back-pay, compensatory damages, pre- and post-judgment interest, and costs, expenses, and disbursements.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (FLSA – Retaliatory Pay Disparity)

127.   Defendants retaliated against Plaintiff in violation of Section 215 of the FLSA by paying Plaintiff less than male co-workers for the same or substantially similar work performed by Plaintiff for performing the same or substantially similar work requiring the same or substantially skill, effort, and responsibility and under similar working conditions because of her protected activity.

128.   Defendants condoned paying Plaintiff less than her similarly situated co-workers in retaliation for her protected activity.

129.   Defendants knew or showed reckless disregard for whether for paying Plaintiff less than her similarly situated co-workers amounted to a pay disparity in retaliation for her protected activity.

130.   As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer economic loss, suffer distress, humiliation, great expense, embarrassment and damage to her reputation.

131.   As a result of said acts, Plaintiff is entitled to an award of, *inter alia*, back-pay, liquidated damages, compensatory damages, pre- and post-judgment interest, punitive damages, and attorneys' fees, costs, expenses, and disbursements.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### (Title VII – Differential Treatment and Adverse Employment Acts on Account of Gender)

132.  Defendants discriminated against Plaintiff in the terms and conditions of her employment in violation of Section 703 of Title VII by routinely and adversely treating Plaintiff differently on the basis of sex.

133.  Defendants condoned the acts of its employees in routinely and adversely treating Plaintiff differently on the basis of sex.

134.  Defendants knew or showed reckless disregard for whether their employees' routine and adverse differential treatment of Plaintiff was on account of her gender.

135.  As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer economic loss, suffer distress, humiliation, great expense, embarrassment and damage to her reputation.

136.  As a result of said acts, Plaintiff is entitled to an award of, *inter alia*, compensatory damages, pre- and post-judgment interest, and attorneys' fees, costs, expenses, and disbursements.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (NYSHRL – Differential Treatment and Adverse Employment Acts on Account of Gender)

137.  Defendants discriminated against Plaintiff in the terms and conditions of her employment in violation of Section 290 *et seq.* of the NYSHRL by routinely and adversely treating Plaintiff differently on the basis of sex.

138.  Defendants condoned the acts of its employees in routinely and adversely treating Plaintiff differently on the basis of sex.

139.  Defendants knew or showed reckless disregard for whether their employees' routine and adverse differential treatment of Plaintiff was on account of her gender.

140.   As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer economic loss, suffer distress, humiliation, great expense, embarrassment and damage to her reputation.

141.   As a result of said acts, Plaintiff is entitled to an award of, *inter alia*, compensatory damages, pre- and post-judgment interest, and costs, expenses, and disbursements.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Title VII – Retaliatory Differential Treatment and Adverse Employment Acts)

142.   Defendants retaliated against Plaintiff in violation of Section 704 of Title VII by routinely and adversely treating Plaintiff differently than similarly situated employees because of her protected activity. Plaintiff's protected activity was a "but for" cause of such differential treatment and adverse employment acts.

143.   Defendants condoned the acts of their employees in routinely and adversely treating Plaintiff differently than similarly situated employees in retaliation for her protected activity.

144.   Defendants knew or showed reckless disregard whether routinely and adversely treating Plaintiff differently than similarly situated employees was in retaliation for her protected activity.

145.   As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer economic loss, suffer distress, humiliation, great expense, embarrassment and damage to her reputation.

146.   As a result of said acts, Plaintiff is entitled to an award of, *inter alia*, compensatory damages, pre- and post-judgment interest, and attorneys' fees, costs, expenses, and disbursements.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (NYSHRL – Retaliatory Differential Treatment and Adverse Employment Acts)

147.   Defendants retaliated against Plaintiff in violation of Section 290 *et seq.* of the NYSHRL by routinely and adversely treating Plaintiff differently than similarly situated employees because of her protected activity. Plaintiff's protected activity was a "but for" cause of such differential treatment and adverse employment acts.

148.   Defendants condoned the acts of their employees in routinely and adversely treating Plaintiff differently than similarly situated employees in retaliation for her protected activity.

149.   Defendants knew or showed reckless disregard whether routinely and adversely treating Plaintiff differently than similarly situated employees was in retaliation for her protected activity.

150.   As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer economic loss, suffer distress, humiliation, great expense, embarrassment and damage to her reputation.

151.   As a result of said acts, Plaintiff is entitled to an award of, *inter alia*, compensatory damages, pre- and post-judgment interest, and, costs, expenses, and disbursements.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (FLSA – Retaliatory Differential Treatment and Adverse Employment Acts)

152.   Defendants retaliated against Plaintiff in violation of Section 215 of the FLSA by routinely and adversely treating Plaintiff differently than similarly situated employees because of her protected activity.

153.   Defendants condoned the acts of their employees in routinely and adversely treating Plaintiff differently than similarly situated employees in retaliation for her protected activity.

154.   Defendants knew or showed reckless disregard whether routinely and adversely treating Plaintiff differently than similarly situated employees was in retaliation for her protected activity.

155.   As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer economic loss, suffer distress, humiliation, great expense, embarrassment and damage to her reputation.

156.   As a result of said acts, Plaintiff is entitled to an award of, *inter alia*, compensatory damages, pre- and post-judgment interest, punitive damages, and attorneys' fees, costs, expenses, and disbursements.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue the following relief:

A.     An order, judgment, and decree that the conduct of defendants in discriminating against Plaintiff on account of her gender and creating and condoning such discrimination violate Title VII, 42 U.S.C. § 2000e *et seq.*

B.     An order, judgment, and decree that the conduct of defendants in discriminating against Plaintiff on account of her gender and creating and condoning such discrimination violate NYSHRL, N.Y. Executive Law § 290 *et seq.*

C.     An order, judgment, and decree that the conduct of defendants in discriminating against Plaintiff on account of her gender and condoning such discrimination violation the EPA, 29 U.S.C. § 206(b).

D.      An order, judgment, and decree that the conduct of defendants in retaliating against Plaintiff on account of her protected activity and creating and condoning such retaliation violate Title VII, 42 U.S.C. § 2000e *et seq.*

E.      An order, judgment, and decree that the conduct of defendants in retaliating against Plaintiff on account of her protected activity and creating and condoning such retaliation violate the FLSA, 29 U.S.C § 201 *et seq.*

F.      An order, judgment, and decree that the conduct of defendants in retaliating against Plaintiff on account of her protected activity and creating and condoning such retaliation NYSHRL, N.Y. Executive Law § 290 *et seq.*

G.      An award of back pay, benefits and other emoluments of employment;

H.      An award of liquidated damages as permitted by law;

I.      An award of pre- and post-judgment interest as permitted by law;

J.      An award of compensatory damages in an amount to be determined by the jury;

K.      An award of punitive damages in an amount to be determined by the jury;

L.      An award of the costs, expenses, and disbursements of this action, including an award of attorneys' fees; and

M.      An award of such other and further relief as this Court deems just.

## JURY DEMAND

Plaintiff respectfully demands trial by jury on each and every issue of the Complaint.

Dated: Albany, New York   **GLEASON, DUNN, WALSH & O'SHEA**
   April 16, 2015

By: _____

     RONALD G. DUNN, ESQ.
     (Bar Roll No. 101553)
     DANIEL A. JACOBS, ESQ.
     (Bar Roll No. 515241)
     Attorneys for Plaintiff
     40 Beaver Street
     Albany, New York 12207
     (518) 432-7511