UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────

NANCY WALRATH,

                        Plaintiff,

      -v.-                                              6:15-CV-00463
                                                               (TJM)(TWD)

NEW YORK STATE CANAL CORPORATION and
NEW YORK STATE THRUWAY AUTHORITY,

                        Defendants.
───────────────────────────────────

APPEARANCES:

RONALD G. DUNN, ESQ.
GLEASON DUNN WALSH & O'SHEA
*Counsel for Plaintiff*

CATHY Y. SHEEHAN, ESQ.
NEW YORK STATE ATTORNEY GENERAL'S OFFICE
*Counsel for Defendants*

THÉRÈSE WILEY DANCKS, MAGISTRATE JUDGE

**REPORT - RECOMMENDATION**

This case involves claims of gender-based discrimination and retaliation in employment in violation of Title VII of the Civil Rights Act of 1964. (*See generally Complaint,* Dkt. No. 1.) Presently before the Court is Plaintiff's letter motion, pursuant to Rule 25 of the Federal Rules of Civil Procedure, requesting dismissal of the action since Plaintiff Nancy Walrath is deceased and Plaintiff's family has no plans to probate her estate. (Dkt. No. 28.) As such, an order is requested allowing the matter to be dismissed for failure to substitute the estate. *Id.* For the reasons that follow, it is recommended that Plaintiff's motion be granted.

**I.     Legal Standards**

Rule 25 of the Federal Rules of Civil Procedure provides: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). The motion may not be made later than 90 days after the service of the statement unless the period is extended pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, as amended. *See* Advisory Committee Note to amended Rule 6(b) ("It is intended that the court shall have discretion to enlarge that [90-day] period.")

Rule 6(b) of the Federal Rules of Civil Procedure provides that the court may extend the time "an act may or must be done" for good cause "with or without a motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A).

**II.    Discussion**

On May 23, 2016, Plaintiff's attorney filed a letter motion requesting a stay of the action due to the death of Plaintiff. (Dkt. No. 25.) On that same date, Defendants filed a Suggestion of Death Pursuant to Fed. R. Civ. P. 25(a). (Dkt. No. 26.) Thereafter, the Court adjourned all pretrial deadlines for 90 days, and directed that any motion to substitute a party plaintiff must be made by August 22, 2016, pursuant to Fed. R. Civ. P. 25. (Dkt. No. 27.) The Court then held a telephone status conference with the parties on August 4, 2016, at which the Court and parties discussed the potential substitution of the fiduciary of the Estate of Walrath for Plaintiff Walrath; and the Court reminded Plaintiff's counsel that the deadline to substitute a representative of the Plaintiff's estate

2

remained August 22, 2016. (Text Minute Entry 8/4/2016.)

Presently, the time in which to substitute the Estate of Walrath has expired, and no motion for substitution has been made. *See* Fed. R. Civ. P. 25(a); *see also* Dkt. No. 27. Additionally, no request for extension of that deadline has been received by the Court. Instead, a request to dismiss the case is pending since apparently no fiduciary will be named for the Estate of Walrath. (Dkt. No. 28.)

Accordingly, since the time to substitute a party plaintiff for the deceased Plaintiff Walrath has expired, and no motion to substitute has been made, the Court recommends that the action be dismissed pursuant to Fed. R. Civ. P. 25(a) and, as such, recommends granting the pending letter motion. (Dkt. No. 28.)

**WHEREFORE**, in accordance with the above Report-Recommendation, it is hereby

**RECOMMENDED** that Plaintiff's motion (Dkt. No. 28) to dismiss this action pursuant to Fed. R. Civ. P. 25(a) be **GRANTED**; and it is further

**RECOMMENDED** that the action be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: August 24, 2016
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge